**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:05CV032-V**

| | |
|---|---|
| DANIEL PENDERGAST, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social )<br>Security Administration, )<br>      Defendant. )<br>) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgment" (document #10) and "Brief Supporting ..." (document #11), both filed August 30, 2005; and the Defendant's "Motion For Summary Judgment" (document #12) and "Memorandum in Support of the Commissioner's Decision" (document #13), both filed October 26, 2005. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 22, 2002, Plaintiff applied for a period of disability and Social Security disability insurance benefits ("DIB"), alleging he became disabled sometime in November 1995, due to "kidney stones [as well as a] ... fractured lumbar spine ... [and] fused cervical spine" that he suffered

following an automobile accident that occurred sometime in 1989. (Tr. 60.) The Plaintiff's claim was denied initially and on reconsideration. Plaintiff timely requested an administrative hearing, and on April 15, 2004, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel, appeared and testified. On May 12, 2004, the ALJ issued a decision in which he found that Plaintiff was not disabled at any time on or before the date last insured[1] because he retained the residual functional capacity ("RFC") to perform his past relevant work as a satellite television business operator (Tr. 8-18).

Subsequently, the Plaintiff filed a timely Request for Review of Hearing Decision. On January 24, 2005, the Appeals Council denied his request for review, making the hearing decision the final decision of the Commissioner.

The Plaintiff filed this action on March 16, 2005.

On appeal, the Plaintiff concedes that the ALJ properly evaluated the evidence and determined that he retains a residual functional capacity ("RFC"), discussed below, for medium work with a nonexertional limitation related to a reduced capacity to reach overhead with his left arm. Instead, the Plaintiff presents only one narrow issue, contending that his past employment as a satellite television business operator was performed at a "heavy" exertional level[2], and, therefore,

---

[1] As the Plaintiff concedes in his brief, he acquired sufficient quarters of coverage to remain insured for DIB only through December 31, 1998 (Tr. 49-54), therefore, in order to establish disability for DIB purposes, he had the burden to show that he was disabled on or before that date. See 20 C.F.R. §§ 404.101, 404.130-404.131; and Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

[2] According to 20 C.F.R. § 404.1567, for Social Security purposes, "medium" and "heavy" work are defined as:

(c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.
(d) Heavy work. Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

the ALJ's finding that the Plaintiff could perform medium work was insufficient to support the ALJ's determination that he was not disabled based on an ability to perform past relevant work. See Plaintiff's "Brief Supporting ..." at 5-8 (document #11).

Relevant to this issue, on January 3 and 14, 2002, respectively, the Plaintiff completed a Disability Report and a Work History Report. In these Reports, Plaintiff stated that from 1980 through 1995, he worked as an owner and operator of a satellite television business where he performed sales, inventory control, installation, service, programing, and repairs of satellite televisions. The Plaintiff also stated that he maintained inventory and payroll, paid bills, and wrote advertisements. He reported that at this job, he initially lifted up to 100 pounds occasionally and 25 pounds frequently, and he stated that the physically demanding part of his job was the installations which included site analysis, tree clearing, digging foundations, mixing concrete, carrying satellite dishes, erecting and burying cables, hooking up the equipment, and programming. He noted, however, that after his automobile accident, he modified his job because of his injuries, and hired employees to perform the heavy work, including the digging, lifting, and carrying. The Plaintiff reported that thereafter his position became supervisory.

The Plaintiff likewise testified at the hearing that he owned a satellite television business, and that after he was in an automobile accident in 1989, he hired assistants to help at his business, specifically to do the heavy manual labor involved in installations. Plaintiff testified that he did not go out on service calls with his assistants, but tried to go out with them on installations, so that he could "tell them what to do." (Tr. 303).

The Plaintiff also testified that in 1993 and 1994, a short time before he stopped working, his business fell off because he "ran off" most of the customers.

The parties' cross-motions for summary judgment have been fully briefed and are, therefore, now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the

evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was therefore whether at any time prior to December 31, 1998, the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] The ALJ considered the evidence and found after the hearing that the Plaintiff had not engaged in substantial gainful activity at any time relevant to this proceeding; that the Plaintiff's "cervical disc disease and left shoulder tear or bursitis/tendinitis" were severe impairments, but did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 (a.k.a. "the Listings"); that the Plaintiff retained the residual functional capacity to perform medium work that did not require "significant overhead reaching with his left arm"; that the Plaintiff's past relevant work as a satellite television business owner did not require work-related activities precluded by this RFC; that the Plaintiff was able to perform his past relevant work; and that, therefore, the Plaintiff was not disabled.

---

[3] Under the Social Security Act, 42 U.S.C. §301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

As noted above, the Plaintiff does not dispute his RFC for medium work, but contests only that his past work was performed at the higher heavy exertional level, and that the ALJ should have concluded that the Plaintiff was unable to perform his past relevant work. The undersigned concludes to the contrary, however, that there was substantial evidence supporting the ALJ's decision that the Plaintiff could perform his past relevant work and, therefore, was not disabled.

Although in his written reports, the Plaintiff initially described his former work as heavy – that is, requiring occasional lifting of 100 pounds – those same reports, as well as the Plaintiff's testimony at the hearing, provided substantial evidence that after his back and shoulder injuries he modified his job to eliminate the heavy lifting requirements. Indeed, the Plaintiff both reported and testified that the "heavy" component of his job was installation of satellite equipment, and that after he suffered his allegedly disabling injuries he hired employees to do these installations. The Plaintiff testified that thereafter his role was more "supervisory," that is, he thereafter accompanied his employees on an installation, but only "to tell them what to do." The Plaintiff also testified that following his injuries he continued to be able to perform the less strenuous requirements of his job, including inventory control, bookkeeping, and marketing.

Moreover, even assuming arguendo that the Plaintiff could carry his burden of establishing that he could not perform his past relevant work, the Plaintiff would have been found not disabled at the next step of analysis. The ALJ determined that Plaintiff could perform medium work with a limitation on overhead reaching with his left arm, a finding the Plaintiff does not dispute. As the Defendant points out in her brief, based upon an RFC for even a "significant range" of light work, the Plaintiff's age (59 on his date last insured), education (one year of college), and work experience, the Medical-Vocational Guidelines would direct a decision of not disabled. See 20 C.F.R. Pt. 404,

Subpt. P, App. 2, § 202.08.

In short, where there was substantial evidence to support the ALJ's conclusion that the Plaintiff could perform his past relevant work, and where the Plaintiff's uncontested residual functional capacity, age, education, and work experience would have mandated a finding of not disabled in any event, the ALJ's ultimate decision to deny the Plaintiff disability benefits <u>was</u> supported by substantial evidence.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #10) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #12) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de</u> <u>novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109

F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED.**

**Signed: October 28, 2005**

*Carl Horn, III* (signature)

Carl Horn, III
United States Magistrate Judge