# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:05 CV 32

| | |
|---|---|
| **DANIEL PENDERGAST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM & ORDER** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Daniel Pendergast's ("Plaintiff") Motion for Summary Judgment and his Brief Supporting Motion for Summary Judgment, (file docs. 10, 11), both filed August 30, 2005; and Defendant Jo Anne B. Barnhart's ("Defendant") Motion for Summary Judgment and Memorandum in Support of the Commissioner's Decision, (file docs. 12, 13), both filed October 26, 2005.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the standing order of designation, this Court referred the case to the United States Magistrate Judge for recommended disposition. In a "Memorandum and Recommendation" ("M&R"), filed October 28, 2005, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be **denied**; that Defendant's Motion for Summary Judgment be **granted**; and that the Commissioner's decision be **affirmed**. Plaintiff filed her Objections to the Recommendation of the United States Magistrate Judge, (file doc. 15), on November 18, 2005, to which Defendant filed a Response to Plaintiff's Objections to the Recommendation of the United States Magistrate Judge, (file doc. 16), on November 18,

2005. All of the Objections are deemed timely and are considered herein.

I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff did not object to the recitation of facts in the Magistrate Judge's M&R. Accordingly, this Court adopts and incorporates the summary of facts contained therein. (M&R at 1-4.)

II. STANDARD OF REVIEW

When reviewing a decision from the Commissioner of Social Security, a district court's review is limited to (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the reviewing court disagrees with the outcome, as long as there is substantial evidence in the record to support the decision below, it must be affirmed. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

To review a recommendation from a federal Magistrate, the Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Keeler v. Pea*, 782 F. Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendation. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, the statute does not require any review of issues that are not the basis of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200; *Eaker v. Apfel*,

152 F. Supp. 2d 863, 864 (W.D.N.C. 1998). Nonetheless, a district court judge is responsible for the final determination and outcome of the case, and, therefore, the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation, as well as a *de novo* review of those issues specifically raised in Plaintiff's Objections.

### III. DISCUSSION OF LAW

**A. Plaintiff's Objection to the Magistrate Judge's Finding that Substantial Evidence Supports the Administrative Law Judge's Conclusion that Plaintiff Retains the Capacity to Perform his Past Relevant Work**

Plaintiff specifically objected to the Magistrate Judge's and the Administrative Law Judge's ("ALJ") finding that he retains the residual functional capacity ("RFC") to perform his past relevant work as a satellite dish installer. Upon a *de novo* review of the record, this Court finds Plaintiff's specific objection without merit.

The Magistrate Judge noted that Plaintiff does not dispute the finding that he retained the RFC to perform medium work that did not require significant overhead reaching with his left arm, but rather Plaintiff disputes that his past relevant work qualifies as medium work and not as heavy exertional work. (M&R at 5-6.) In examining this contention, the Magistrate Judge reviewed the written reports where Plaintiff described his former work as heavy, but also stated that "those same reports, as well as the Plaintiff's testimony at the hearing, provided substantial evidence that after his back and shoulder injuries he modified his job to eliminate the heavy lifting requirements." (M&R at 6.) The Magistrate Judge refers to the fact that Plaintiff reported and testified that the heavy lifting requirement for his job involved installation of satellite equipment, and that after Plaintiff suffered his injuries, he hired employees to do installations. (M&R at 6.) Further, the Magistrate Judge specifically referenced testimony where Plaintiff

3

stated that his role in the business was more supervisory after his injuries, and that he accompanied his employees on installations "to tell them what to do." (M&R at 6.) The Magistrate Judge also relied on testimony where Plaintiff stated that after his injury he continued to be able to perform the less strenuous requirements of his job like inventory control, bookkeeping, and marketing. (M&R at 6.)

Plaintiff agrees with the Magistrate Judge's characterization that he "became more of a supervisor after hiring full-time employees to perform most of the physical labor." (Pl.'s Objections at 2.) However, he states that "he never indicated in his testimony or in his written reports that he ceased engaging in heavy lifting all together." (Pl.'s Objections at 2.) Plaintiff cites to his testimony stating that the employees he hired did most of the physical work, but that he "still did some." (Pl.'s Objections at 2.) Plaintiff notes that it is unclear how much lifting he performed "because that question was never asked at hearing." (Pl.'s Objections at 2.) This is the crux of Plaintiff's argument, that the ALJ and Magistrate Judge erred because the evidence presented leaves the possibility that Plaintiff's past relevant work did require him to do some lifting.

After reviewing the disability and work history reports filled out by Plaintiff, and Plaintiff's testimony at the hearing, the Court agrees with the Magistrate and the ALJ that Plaintiff could perform his past work as he performed it. (Tr. at 60-61, 71, 303-309.) There is no question that substantial evidence supports this finding. Further, the law supports a finding of "not disabled" where the claimant "is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required by employers in the national economy." *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995) (citations omitted).

Further, the Court is mindful of who possessed the burden before the ALJ to prove whether Plaintiff could perform his past work.

> Under the regulations, the ALJ must consider whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his past work, and (5) if not, whether he can perform other work. If the ALJ finds that a claimant has not satisfied any step of the process, review does not proceed to the next step. Through the fourth step, the burden of production and proof is on the claimant.

*Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993) (internal citations omitted). The fact that Plaintiff had the burden to prove that he could not return to his past work undermines his argument that it is unclear how much lifting he did because he was not asked that question at the hearing. Further, even ignoring who possessed the burden at this phase, the substantial weight of the evidence supports the conclusion that Plaintiff had hired employees to perform the physically demanding aspects of installing satellites. It is true that hiring of help to do claimant's job is irrelevant in itself to the question of ability to perform past relevant work. But where, as here, the job has a supervisory component and can be readily adjusted to transfer to others a heavy lifting feature, the use of others may be considered relevant. Accordingly, the ALJ's decision is affirmed.

### B. Plaintiff's Objection to the Magistrate Judge's Finding that the Medical-Vocational Rules Would Direct a Finding of Not Disabled Based on Plaintiff's Age, Education, and Work Experience

Plaintiff also specifically objected to the Magistrate Judge's finding that even if the Plaintiff "could carry his burden of establishing that he could not perform his past relevant work, the Plaintiff would have been found <u>not</u> disabled at the next step of analysis." (M&R at 6.)

Upon a *de novo* review of the record, this Court finds Plaintiff's specific objection without merit. Further, the Court notes that it is reviewing this objection in the interest of a thorough review, but even if the Court disagreed with the Magistrate Judge on this point, the ALJ's conclusion of "not disabled" would still stand.

For this determination, the Magistrate Judge relied on the ALJ's finding that Plaintiff retained the RFC to perform medium work with a limitation on overhead reaching with his left arm. (M&R at 6.) Again, the Magistrate Judge specifically notes that Plaintiff did not dispute this finding. (M&R at 6.) Based on this, the Magistrate Judge found that "an RFC for even a 'significant range' of light work, the Plaintiff's age (59 on his date last insured), education (one year of college), and work experience, the Medical-Vocational Guidelines would direct a decision of not disabled." (M&R at 6-7, citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.08.) Plaintiff objects to this finding based on his exertional limitation for significant overhead reaching. (Pl.'s Objections at 3.) He states that the "Medical-Vocational Rules may be applied to direct a finding of not disabled only when the claimant is capable of performing substantially all of the exertional requirements of the exertional level of work for the particular Rule being applied. (Pl.'s Objections at 3, citing Social Security Ruling 83-11, p. 1.)

First, Plaintiff did not dispute the finding that the retained the RFC to perform medium work with a limitation on overhead reaching with his left arm. "If someone can do medium work, . . . he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). Further, Plaintiff's limitation only impacted overhead reaching with his left arm, a restriction having "only a marginal effect on the relevant occupational base." *Falcon-Cartagena v. Comm'r of Social Security*, 21 Fed. Appx. 11, 2001 WL 1263658, *2 (1st Cir. 2001). Thus, even if the ALJ

6

had not found that the Plaintiff could perform his past work, he would have been found "not disabled" at step five because he is capable of performing other work.

### C. General Objections

To the extent Plaintiff generally objects to any other portion of the Magistrate Judge's recommendation, this Court finds that the Magistrate Judge's findings of fact are supported by the record and his conclusions of law are consistent with the current case law. This Court has conducted a careful review of all issues and adopts the recommendations of the Magistrate Judge.

### D. Substantial Evidence Supports the Commissioner's Decision

This Court has conducted a careful review of all issues and adopts the recommendations of the Magistrate Judge. Although reasonable minds may differ as to the ALJ's ultimate conclusion in this case, this Court finds that the ALJ's decision to deny the Plaintiff disability benefits was supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

## IV. CONCLUSION

After a *de novo* review of the sections of the "Memorandum and Recommendation" to which Plaintiff specifically objected, and a careful review of the portions of the Recommendation to which there were no specific objections, this Court agrees with the recommendation of the Magistrate Judge, (file doc. 14).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment, (file doc. 10), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, (file doc. 12), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Determination be

**AFFIRMED**.

Signed: June 23, 2006

Richard L. Voorhees
United States District Judge